UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16CV-00423-JHM

GGNSC LOUISVILLE MT. HOLLY LLC
D/B/A GOLDEN LIVINGCENTER – MT. HOLLY, ET AL.                    PLAINTIFFS

VS.

ERIC STEVENSON, as Attorney-in-Fact of
CAROLINE ALLEN                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiffs, GGNSC Louisville Mt. Holly LLC d/b/a Golden LivingCenter – Mt. Holly, Golden Gate National Senior Care LLC, GGNSC Administrative Services LLC, GGNSC Holdings LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC (collectively "Plaintiffs" or "GGNSC"), to compel arbitration of Caroline Allen's state court claims and to enjoin Defendant from further pursuing her litigation in Kentucky state court. [DN 11].  Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Caroline Allen was admitted to Golden LivingCenter - Mt. Holly ("GLC"), a long-term care facility, on April 6, 2015.  Upon admission to the facility, Ms. Allen signed a document titled "Alternative Dispute Resolution Agreement" with GLC.  Under the Agreement, the parties agreed that any disputes arising out of or in any way relating to Ms. Allen's residency at the facility would be submitted to binding arbitration including "negligence; gross negligence; malpractice; and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards." (Alternative Dispute Resolution Agreement at 12.)  Further, the Agreement provided that "[t]he parties understand, acknowledge, and agree that they are

selecting a method of resolving disputes without resorting to lawsuits or the courts . . . ." (Id. at 11.)

On May 24, 2016, Eric Stevenson, attorney-in-fact for Caroline Allen, filed a complaint in the Jefferson Circuit Court against GLC, GGNSC Administrative Services LLC, GGNSC Clinical Services LLC, GGNSC Equity Holdings LLC, Golden Gate National Senior Care LLC, GGNSC Holdings LLC, and Abdoulie Cham, Administrator of GLC, for negligence, medical negligence, corporate negligence, and violations of long-term care resident's rights. The complaint alleges that Ms. Allen suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process and the deterioration of her functional ability, as well as numerous bed sores, multiple urinary tract infections, at least one fall, poor hygiene, severe pain, and loss of personal dignity. The complaint seeks compensatory and punitive damages.

On June 30, 2016, Plaintiffs filed the present action in this Court to compel Defendant to pursue all claims arising out of Ms. Allen's residency at GLC in accordance with the Alternative Dispute Resolution Agreement (hereinafter "arbitration agreement" or "agreement") and to enjoin Defendant from further pursuing her state court action. On July 28, 2016, Plaintiffs filed this current motion to compel arbitration and enjoin Defendant.

## II. DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "'manifests a liberal federal policy favoring arbitration agreements.'" Yaroma v. Cashcall, Inc., 130 F. Supp. 3d 1055, 1061 (E.D. Ky. 2015)(quoting Masco Corp. v. Zurich American Ins. Co., 382 F.3d 624, 626 (6th Cir. 2004). "Section 2 of the FAA states that arbitration clauses in commercial contracts 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

revocation of any contract.'" Id. (quoting 9 U.S.C. § 2). "Under § 4, when a party is 'aggrieved by the failure of another party to arbitrate under a written agreement for arbitration,' that party 'may petition a federal court for an order directing that such arbitration proceed in the manner provided for' by the contract." Id. (quoting Rent–A–Center, West, Inc. v. Jackson, 561 U.S. 63 (2010) (quoting 9 U.S.C. § 4) (internal quotation marks omitted)). The FAA "places arbitration agreements on an equal footing with other contracts . . . and requires courts to enforce them according to their terms." Rent–A–Center, 561 U.S. at 67.

Plaintiffs submitted evidence of a valid and enforceable arbitration agreement between Caroline Allen and GLC.  Plaintiffs tendered a copy of the signed arbitration agreement which it is undisputed that Caroline Allen signed upon her admission to the facility. Defendant challenges the enforceability of the arbitration agreement arguing that it is both procedurally and substantively unconscionable.  Relatedly, Defendant contends that the arbitration agreement lacks mutuality of obligations and consideration.

The Kentucky Supreme Court has concluded that the Kentucky "state Constitution and statutes favor the enforceability of arbitration agreements." Schnuerle v. Insight Communications. Co., L.P., 376 S.W.3d 561, 577 (Ky. 2012).  The Court will apply Kentucky law regarding unconscionability of contracts to the arbitration agreement in the present case. GGNSC Louisville Hillcreek, LLC v. Watkins,  2016 WL 815295, at *5 (W.D. Ky. Feb. 29, 2016). "Generally, 'absent fraud in the inducement, a written agreement duly executed by the party to be held, who had an opportunity to read it, will be enforced according to its terms.'" Id. (quoting Conseco Finance Servicing Corp. v. Wilder, 47 S.W.3d 335, 341 (Ky. Ct. App. 2001)). A narrow exception is the doctrine of unconscionability, which is to be "directed against one-sided, oppressive and unfairly surprising contracts, and not against the consequences *per se* of

uneven bargaining power or even a simple old-fashioned bad bargain." Schnuerle, 376 S.W.3d at 575 (quoting Conseco, 47 S.W.3d at 341). "An unconscionable contract is 'one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other.'" Id. (quoting Conseco, 47 S.W.3d at 342). "Whether a contract is substantively unconscionable (i.e., contains terms that are unreasonable or grossly unfair to one side or another) or procedurally unconscionable (referring to the process by which the contract is reached) is a fact-intensive inquiry." GGNSC Louisville Hillcreek, LLC v. Warner, 2013 WL 6796421, at *8 (W.D. Ky. Dec. 19, 2013). Here, the facts belie the existence of either brand of unconscionability. See also Arnold v. Owensboro Health Facilities, L.P., 2016 WL 502061, at *4 (W.D. Ky. Feb. 8, 2016).

### A. Procedural Unconscionability

Procedural unconscionability "pertains to the process by which an agreement is reached and the form of an agreement, including the use therein of fine print and convoluted or unclear language." Schnuerle, 376 S.W.3d at 576 (internal citations omitted). "Factors relevant to the procedural unconscionability inquiry include the bargaining power of the parties, 'the conspicuousness and comprehensibility of the contract language, the oppressiveness of the terms, and the presence or absence of a meaningful choice.'" Id. (citing Jenkins v. First American Cash Advance of Georgia, LLC, 400 F.3d 868, 875–876 (11th Cir. 2005)).

Support for the conscionability of the arbitration agreement is the fact that the agreement is a stand-alone agreement that is not hidden in an underlying contract, is four pages printed in normal 12-point font, contains a bold face all capital letter provision noting the agreement is not a condition of admission to or continued residence in the facility, contains a bold face provision noting waiver of right to jury trial, and contains a provision permitting the rescission for any

reason within thirty days after signing.

Defendant argues that the arbitration agreement is procedurally unconscionable because during her admission to the nursing home, Ms. Allen had to go through a lengthy admissions process in which she signed numerous documents. "It is . . . not unconscionable for the arbitration agreement to be included in a lengthy admissions process during which numerous forms are executed." Golden Gate National Senior Care, LLC v. Fleshman, 2016 WL 4917047, at *6 (W.D. Ky. Sept. 13, 2016). As noted by the district court in Watkins, "many situations—such as buying a house or a car, visiting the doctor, or starting a new job—involve a lengthy process in which an individual must complete a substantial amount of paperwork. This alone does not make a contract procedurally unconscionable." Watkins, 2016 WL 815295, *6. Furthermore, as noted above, Ms. Allen had thirty days to revoke the agreement after she signed it.

Defendant also contends that the procedural circumstances in which the Plaintiffs obtained Ms. Allen's signature was unconscionable because of her history of schizophrenia, major depressive disorder, and anxiety disorder. Defendant maintains that it is highly unlikely that Ms. Allen comprehended that she was waiving her constitutional right to a trial by jury. Ms. Allen's medical history does not reflect that she suffered from a cognitive deficit when she signed the contract to arbitrate that would render her unable to understand the nature and consequences of her actions. Mere mental weakness of a party will not render a contract unenforceable. See, e.g., Caldwell v. Hatcher, 248 S.W.2d 892, 894 (Ky. 1952); Hagemeyer v. First National Bank & Trust Co., 209 S.W.2d 320, 321 (Ky. 1948). Furthermore, in late April of 2016, over a year after signing the arbitration agreement, Ms. Allen signed a power of attorney appointing Eric Stevenson as attorney-in-fact. Stevenson did not question her ability to enter

into a contract at that time.

### B. Substantive Unconscionability

Substantive unconscionability "'refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent.'" Schnuerle, 376 S.W.3d at 577(quoting Conseco, 47 S.W.3d at 343 n. 22). "As for substantive unconscionability, courts consider 'the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns.'" Schnuerle, 376 S.W.3d at 577(quoting Jenkins, 400 F.3d at 876).

Defendant contends that the arbitration agreement is substantively unconscionable because it lacks mutual obligation and consideration. Defendant maintains that the Plaintiffs have intentionally reserved the right of judicial access for themselves by providing that "parties are not precluded by this Agreement from seeking remedies in a small claims court for disputes or claims within its jurisdiction." (Arbitration Agreement at 12.)  Defendant argues that the types of claims that residents are likely to have against the facility, such as negligent torts, malpractice and wrongful death, will almost always exceed small claims court jurisdiction and will always be relegated to arbitration.  However, according to Defendant, the only types of claims that the Plaintiffs will have against a resident, such as billing disputes, have been intentionally exempted from the scope of arbitration.

Contrary to Defendant's argument, "an arbitration clause requiring both parties to submit equally to arbitration constitutes adequate consideration." Energy Home, Div. of Southern Energy Homes, Inc. v. Peay, 406 S.W.3d 828, 835 (quoting Kruse v. AFLAC Int'l, Inc., 458 F. Supp. 2d 375, 385 (E.D. Ky. 2006)). By its own terms, the arbitration agreement "applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay

6

at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action in a court of law sitting in the state where Facility is located." (Agreement at 12.)  In the present case, the obligations in the arbitration agreement are reciprocal and mutual: the parties have agreed to arbitrate any claims they may have against the other party that cannot be resolved in small claims court.  Further, Ms. Allen may bring the same claims against the nursing home in arbitration as she could in court.  The agreement does not place a monetary cap on her potential recovery nor does it limit the type of damages she can seek. Additionally, the agreement does not place undue financial burden on Ms. Allen if she chooses to pursue arbitration because GLC is responsible for the majority of the arbitration fees.  Finally, *both* parties are permitted to seek judicial relief in small claims court.  This exception as to small claims court applies to both parties and does not create a "one-sided" agreement or result in an agreement that is not mutually binding.

There is simply nothing to suggest that the arbitration agreement is one-sided, oppressive, unfairly surprising or the result of unfair bargaining. Thus, the Court finds that the arbitration agreement is valid and enforceable.  Further, the Court finds that Ms. Allen's claims regarding her care and treatment at the nursing home facility fall within the broad scope of claims encompassed in the "Covered Disputes" section of the arbitration agreement. Accordingly, Ms. Allen must submit her claims to arbitration pursuant to the terms of the agreement.

**C. Anti-Injunction Act**

Defendant argues that the Anti-Injunction Act prevents this Court from enjoining the state court action as a matter of law.  But "'a district court's injunction of state-court proceedings after compelling arbitration [does] not violate the Anti–Injunction Act.'" GGNSC Louisville Hillcreek, LLC v. Watkins, 2016 WL 815295, at *6 (W.D. Ky. Feb. 29, 2016)(quoting GGNSC

Louisville Hillcreek, LLC v. Warner, 2013 WL 6796421, at *10 (W.D. Ky. Dec. 19, 2013) (citing Great Earth Companies, Inc. v. Simons, 288 F.3d 878, 893 (6th Cir. 2002)). "An injunction when compelling arbitration falls into the 'necessary . . . to protect or effectuate [the district court's own] judgments' exception to the Anti-Injunction Act." Watkins, 2016 WL 815295, at *6 (citing Great Earth, 288 F.3d at 893; see 28 U.S.C. § 2283). As noted by the Sixth Circuit, "[a]n injunction of the state proceedings is necessary to protect the final judgment of the district court on this issue." Great Earth, 288 F.3d at 893. Thus, enjoining Ms. Allen from proceeding against the GGNSC Plaintiffs in the state court action will not violate the Anti-Injunction Act because the Court grants Plaintiffs' motion to compel arbitration.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Plaintiffs, GGNSC Louisville Mt. Holly LLC d/b/a Golden LivingCenter – Mt. Holly, Golden Gate National Senior Care LLC, GGNSC Administrative Services LLC, GGNSC Holdings LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC, to compel arbitration and enjoin Defendant from further pursuing her litigation in Kentucky state court. [DN 11] is **GRANTED**. Defendant is **ENJOINED** from proceeding against Plaintiffs in the Jefferson Circuit Court action. The parties are **COMPELLED** to arbitrate pursuant to the parties' agreement the issues which are the subject of Defendant's claims in Jefferson Circuit Court. Counsel shall promptly inform the Jefferson Circuit Court of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE.** A Judgment shall be entered in accordance with this Opinion.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

October 5, 2016